[859 NYS2d 459]

In the Matter of Mary H. Richardson (Admitted as Mary Helen Richardson), an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, May 13, 2008

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated July 14, 2005 (184 NJ 288, 877 A2d 262 [2005]), the respondent was suspended from the practice of law in New Jersey for six months and continuing until the further order of that court, effective August 10, 2005. The basis for the respondent's suspension were findings that she had failed to safeguard client funds, failed to deliver funds, failed to comply with record-keeping requirements, failed to expedite litigation, failed to engage in requisite fairness to opposing counsel and others, failed to engage in requisite truthfulness in statements to others, engaged in criminal conduct that reflects adversely upon her honesty, trustworthiness or fitness as a lawyer, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaged in conduct prejudicial to the administration of justice.

The underlying misconduct in New Jersey emanated from the respondent's employment as in-house counsel for Richardson Industrial Contractors, Inc., and St. Lawrence Corporation, both of which are family-owned companies. The respondent represented her 91-year-old grandmother in the refinancing of two properties in January 1995. Funds for the refinance transactions were deposited into the respondent's personal account at Farrington Bank because she did not maintain an attorney trust account at the time. In addition to utilizing the loans' proceeds

to pay off a first mortgage which encumbered her grandmother's property, the respondent disbursed approximately 600 checks from her personal account, many of which went to pay taxes, mortgage, and maintenance on a parcel of land she owned.

In June 1997 Banker's Trust began foreclosure proceedings arising from the 1995 transactions. The grandmother claimed that the loans were obtained through fraud and forged documents. Her son Harry Richardson, the respondent's father, had a power of attorney. The court found that the grandmother did not prove fraud in connection with the 1992 power of attorney or the January 1995 mortgages, but that Harry Richardson did not indicate on the documents that he was signing as attorney-in-fact for his mother.

The findings of professional misconduct relate to the respondent's false deposition testimony given in connection with the above and related proceedings, and her admission that she failed to follow various record-keeping procedures.

In a written report, the Hearing Panel of the District Ethics Committee in New Jersey (hereinafter DEC or Hearing Panel) recommended a reprimand. The New Jersey Office of Attorney Ethics appealed the decision to the Disciplinary Review Board (hereinafter the DRB). The DRB issued a decision on April 28, 2005, recommending that the respondent be suspended for six months. The New Jersey Supreme Court suspended the respondent for six months, effective August 10, 2005.

On March 28, 2007, the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3, advising her of her right to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c) and to demand a hearing at which consideration would be given to any of the defenses raised. The respondent submitted a brief statement in which she requested a hearing and raised the defense that there was such an infirmity of proof in the New Jersey proceeding that this Court could not accept its finding as final and that the imposition of reciprocal discipline would be unjust.

A preliminary hearing was held on November 15, 2006. By agreement of the parties, a hearing was conducted on January 30, 2007.

Following a hearing, the Special Referee found that the respondent failed to establish the defense that there was such an

infirmity of proof establishing her misconduct in the New Jersey proceeding that this Court could not accept as final the New Jersey court's finding. As to the remaining defense, the Special Referee took no position on the ground that the imposition of discipline was an issue solely within this Court's discretion. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such reciprocal discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report; however, should the Court decide to impose discipline, she urges that such discipline be limited to public censure.

At the hearing, a complete record of the New Jersey proceeding was admitted into evidence. The only testimony taken was that of the respondent. The Special Referee ruled that the respondent's testimony could not be utilized to relitigate the underlying facts determined in the New Jersey proceeding, but that, should this Court deem her testimony relevant to the issue of the imposition of discipline, her testimony could be accepted as mitigation evidence.

The respondent's testimony was devoted largely to background facts giving rise to the multiple court proceedings which took place pertaining to various family-owned companies and/or properties. The respondent attempted to show that the litigation was the product of intense intrafamily disputes and that her New Jersey suspension was the outgrowth of that litigation. The respondent also, over objection, delved into the duration of the New Jersey grievance proceedings, which were commenced in 1997. She attempted to show that because the complaint had been hanging over her head for so long (i.e., 10 years), reciprocal discipline should not be imposed by this Court. In the alternative, the respondent attempted to show that the delay prejudiced her case. With regard to the respondent's defense that the imposition of reciprocal discipline by this Court would be unjust, she relied on the fact that the DEC had recommended only a reprimand, that she had already been reinstated in New Jersey, that she had paid all her attorney registration fees in New York and New Jersey, and that she was current, as well, with her Continuing Legal Education requirements.

The Special Referee concluded, in a report dated September 17, 2007, that the respondent had not met her burden of proof with respect to her infirmity of proof defense. The Special Referee found that the Hearing Panel's recommendation of a reprimand did not go to infirmity of proof, nor did the absence of a

finding of misappropriation or the subsequent concession that the powers of attorney had not been forged, establish an infirmity of proof as to the charges of professional misconduct upon which her New Jersey suspension was based.

In moving to confirm the Special Referee's report, the Grievance Committee disputes the proffered bases offered by the respondent for her contention that the imposition of reciprocal discipline would be unjust. That the Hearing Panel recommended a reprimand, which was based on a finding of significant misconduct, addresses only the issue of the degree of discipline, not whether discipline should be imposed. Furthermore, the Grievance Committee contends that the determination by the New Jersey Supreme Court to impose a six-month suspension was amply supported by the decision of the DRB, which agreed with the DEC's findings as to each of the ethical violations.

The DRB noted in its decision that the DEC had been swayed by mitigating factors, such as the respondent's total lack of experience in the operation of a private practice law firm and the fact that she was under the control and manipulation of her father. However, in conducting a de novo review, the DRB found that the respondent "lied repeatedly in the court proceedings and also before the DEC" and that the respondent's "lies under oath, were a grave form of misconduct, and reveal a disturbing deviation from the standards of suitable behavior and good character expected from a member of the bar." The DRB further found that the "[r]espondent's lies were self-serving and calculated to advance her own interests and the interests of her family. Her actions merit serious discipline."

Although the respondent has no prior history of discipline in New York, the respondent was convicted in Red Hook Town Court on December 13, 2001, of 12 counts of failure to provide proper sustenance in violation of Agriculture and Markets Law § 353, which, at that time, was an unclassified misdemeanor.

In support of her cross motion to disaffirm, the respondent contends that, because she has lived with this disciplinary "sword" over her head since 1997, imposition of discipline by this Court would be unjust. With regard to her infirmity of proof defense, the respondent relies on the fact that she did not misappropriate any funds, claiming that the issue was merely a case of record keeping.

We conclude that the respondent failed to establish her infirmity of proof defense. The hearing evidence before the Special

Referee largely spoke to circumstances surrounding the underlying family litigation and did not refute the central finding by the New Jersey disciplinary authorities that she gave false deposition testimony regarding her disposition of the loan proceeds. Notwithstanding the fact that the respondent's misconduct arose in the context of intense intrafamily disputes over property and money, her lack of experience at the time, and the central role the respondent's father played in those controversies, the respondent's repeated lies under oath, compounded by her misrepresentations before the New Jersey DEC, and her lack of remorse at this juncture, warrant the imposition of reciprocal discipline by this Court.

Accordingly, the application is granted, and, effective immediately, the respondent is suspended for a period one year from the practice of law based upon the discipline imposed on her in the State of New Jersey.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Mary H. Richardson, admitted as Mary Helen Richardson, is suspended for one year, effective immediately, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period that she (a) refrained from practicing or attempting to practice law, (b) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) otherwise properly conducted herself; and it is further,

Ordered that the respondent, Mary H. Richardson, admitted as Mary Helen Richardson, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Mary H. Richardson, admitted as Mary Helen Richardson, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Mary H. Richardson, admitted as Mary Helen Richardson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).